**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SAMANTHA LOPEZ, *on behalf of herself, FLSA Collective Plaintiffs, and the Class,*<br><br>                      Plaintiff,<br><br>         v.<br><br>LIDL US, LLC<br>        d/b/a LIDL,<br><br>                      Defendant. | Case No.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff SAMANTHA LOPEZ ("Plaintiff LOPEZ" or "Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendant LIDL US, LLC d/b/a LIDL ("Defendant" or "Lidl"), and states as follows:

## **INTRODUCTION**

1.      Plaintiff LOPEZ alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendant: (1) unpaid wages, including overtime premiums, due to time-shaving; (2) liquidated damages; and (3) attorneys' fees and costs.

1

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL") that she and others similarly situated are entitled to recover from Defendant: (1) unpaid wages, including overtime premiums, due to time-shaving, (2) statutory penalties; (3) liquidated damages; and (4) attorneys' fees and costs.

3. Plaintiff also alleges, pursuant to NYLL § 191, that she and others similarly situated are entitled to recover from Defendant liquidated damages due to Defendant's untimely payment of wages.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. This Court has further jurisdiction over this controversy pursuant to 28 U.S. Code § 1332 as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the parties in this matter are citizens of different states. As detailed below, Defendant in this matter is incorporated in the state of Delaware and maintains its principal places of business in Virginia at the following location: 3500 S Clark St, Arlington, VA 22202 (the "Headquarters").

6. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

7. Defendant operates significant business in this District including multiple locations in this District. Plaintiff also performed work in this District on behalf of Defendant

## PARTIES

8. Plaintiff SAMANTHA LOPEZ, for all relevant time periods, was a resident of Richmond County, New York.

9. Defendant operates a chain of supermarkets with approximately twenty-four stores in New York State at the following locations:

    i. 1151 Old Country Rd., Riverhead, NY 11901
    ii. 70 Sunset Ave., Westhampton Beach, NY 11978
    iii. 812 Montauk Hwy, Center Moriches, NY 11934
    iv. 800 Montauk Hwy, Shirley, NY 11967
    v. 655 Montauk Hwy, East Patchogue, NY 11772
    vi. 211 Middle Country Rd., Selden, NY 11784
    vii. 4560 Sunrise Highway, Oakdale, NY 11769
    viii. 2900 Middle Country Rd., Lake Grove, NY 11755
    ix. 155 Islip Ave., Islip, NY 11751
    x. 560 Larkfield Rd., East Northport, NY 11731
    xi. 711 E Jericho Turnpike, Huntington Station, NY 11746
    xii. 725 Sunrise Hwy, West Babylon, NY 11704
    xiii. 531 Montauk Highway 11704
    xiv. 271 Jericho Turnpike, Syosset, NY 11791
    xv. 1054 Old Country Rd., Plainview, NY 11803
    xvi. 501 Northwest Dr., Farmingdale, NY 11735
    xvii. 5601 Merrick Rd., Massapequa, NY 11758
    xviii. 1980 Hempstead Turnpike, East Meadow, NY 11554
    xix. 1686 Merrick Rd., Merrick, NY 11566
    xx. 696 Dogwood Ave., Franklin Square, NY 11010
    xxi. 492 Atlantic Ave., East Rockaway, NY 11518
    xxii. 119-30 37th St., Queens, NY 11105
    xxiii. 2187 Frederick Douglass Blvd., New York, NY 10026
    xxiv. 283 Platinum Ave, Staten Island, NY 10314 (Collectively, the "NY Stores")

10. Lidl operates all of its NY Stores through the same executive management team, from the same headquarters with the same policies and procedures. The NY Stores are engaged in related activities, share common ownership, and have a common business purpose:

a) All NY Stores are owned and operated by Defendant LIDL US, LLC.

b) All Lidl's NY Stores are jointly advertised on the following website: https://www.lidl.com/stores. *See* **Exhibit A**.

c) Lidl maintains the same website, where visitors can obtain information concerning Lidl's news, information and updates concerning Lidl's corporate affairs. *See* **Exhibit B**.

d) Lidl maintains centralized labor relations and human resources. For instance, the single Lidl career page lists career opportunities for all Lidl's NY Stores where interested individuals can apply. Despite listing open positions at all NY Stores, Lidl's career page only offers administrative positions such as human resource positions and at a single location, Lidl's Headquarters. *See* **Exhibit C.**

e) All Lidl's Store Locations jointly advertise on social media accounts. *See* **Exhibit D**. All Lidl's marketing is conducted through its centralized marketing department located at Lidl's Headquarters. *See* **Exhibit E**.

f) Employees are interchangeable among the NY Stores. Defendant frequently transferred employees to different Stores during their employment. In fact, Lidl maintains a policy that new hires start their employment at one of Lidl's regional flagship stores for evaluation and training. Once this phase of employment is complete, Lidl transfers employees to its other locations.

g) Defendant utilizes the same software programs to calculate payroll for all NY Stores, and pay policies remained unchanged even when employees move between locations.

h) Defendant shares the same online privacy policies applicable for all NY Stores for its website. *See* **Exhibit F**.

i) Defendant's NY Stores all share financials. Specifically, Defendant allows customers to purchase gift cards redeemable at all NY Stores from Lidl's single

4

website. *See* **Exhibit G**. Further, customers can order their groceries from all of Lidl's NY Stores on Lidl's single website. *See* **Exhibit H**.

11. Defendant LIDL US, LLC, which owns and operates all of the grocery stores doing business as Lidl, including NY Stores, is a corporation organized under the laws of the State of Delaware with an address for service of process and a principal place of business address located at 3500 S Clark St, Arlington, VA 22202.

12. At all relevant times, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, and the state laws within which they operate.

13. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the businesses operated by Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings claim for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of non-exempt employees (including all store associates, store clerks, cashiers, stockers, and warehouse associates, and supervisors) employed by Defendant in New York State on or after the date that is three years before the filing of the Complaint in this case ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper overtime premiums for all hours worked. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## RULE 23 CLASS ALLEGATIONS

17. Plaintiff brings claim for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of on behalf of non-exempt employees (including all store associates, store clerks, cashiers, stockers, and warehouse associates, and supervisors) employed by Defendant in New York State on or after the date that is six (6) years before the filing of the Complaint in this case (the "Class Period").

18. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under FRCP 23.

19. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, there is no doubt that there are more than forty (40) members of the Class.

20.     Plaintiff's claim is typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of (i) failing to pay proper wages, including overtime premiums at one-and-one half times their hourly rates for hours in excess of forty (40) each workweek, due to time-shaving; (ii) failing to provide Class members with proper wage statements with every payment of wages; (iv) failing to properly provide wage notices to Class members, at date of hiring and annually; and (v) failing to pay employees on a weekly basis in accordance with NYLL 191(a)(1).

21.     Defendant's company-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

22.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

23.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small

in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24.     Defendant and other employers throughout the state violate state's wage and hour statutes. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

       a) Whether Defendant employed Plaintiff and Class Members within the meaning of New York State's labor laws;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not pay the Class Members properly;

c) At what common rate, or rates subject to common methods of calculation, was and is Defendant required to pay Plaintiff and Class Members for their work;

d) At what common frequency or frequencies was and is Defendant required to pay Plaintiff and Class members for their work;

e) Whether Defendant properly paid Plaintiff and Class members at the proper frequency as required by NYLL;

f) Whether Defendant properly notified Plaintiffs and Class Members of their pay rates;

g) Whether Defendant paid Plaintiff and Class Members for all hours worked;

h) Whether Defendant provided proper wage statements to Plaintiff and Class Members; and

i) Whether Defendant provided proper wage and hour notices to Plaintiff and Class Members.

## STATEMENT OF FACTS

*Wage and Hour Claims*:

26. In or about December 2018, Plaintiff LOPEZ was hired by Defendant as a store associate at a Lidl store located at 283 Platinum Ave, Staten Island, NY 10314. Plaintiff worked for Defendant as a store associate from December 2018 to mid-2019, and was then re-hired to work in the same position at the same store in November of 2020. Plaintiff's employment with

Defendant terminated in January of 2021. Plaintiff was transferred to work at other locations from time to time, including Defendant's location in Harlem.

27. Throughout Plaintiff's employment with Defendant, Plaintiff LOPEZ was compensated at a rate of sixteen dollars ($16.00) per hour. Plaintiff was scheduled to work 55 hours per week. Further, twice a week Plaintiff would be required to work a double-shift to cover employees who had called out. Class members worked similar hours for similar pay as Plaintiff.

28. Every weekend, Plaintiff and her co-workers would be required to work through lunch. Though Plaintiff and her co-workers would not clock-out during this period, later when evaluating their paystubs, they would see that Defendant would still automatically deduct thirty-minutes from their compensable time.

29. Further, it was Defendant's policy, to conduct checks at the end of the day after employees had clocked out. These checks were to ensure all of an employee's tasks were completed before allowing an employee to leave. If Plaintiff or another employee had further work needing to be completed, Plaintiff and other employees were forced to continue working off the clock. Approximately every other day, Plaintiff would clock-out, but would be forced to continue working past her scheduled shift for an additional twenty-minutes without being compensated for this time.

30. Plaintiff's supervisors and managers, Stephanie [LNU], Jordan [LNU], Cody [LNU], Erica [LNU], and Lucas [LNU] ("Managers"), forced Plaintiff and other employees to stay past their scheduled shifts and continue to work without tracking this time. Managers check employees and Plaintiff's work after they clock-out, state such work is inadequate or incomplete, and then require more work as needed, which would always be conducted off-the-clock without compensation.

31. Due to the above-described time-shaving, Plaintiff and Class Members' compensable time was shaved by approximately two (2) hours per week. As a result of Defendant's wrongful policy of time-shaving Plaintiff and Class members' hours, Plaintiff LOPEZ was not properly compensated for all of her wages, including overtime premiums for all hours worked over forty (40). FLSA Collective Plaintiffs and Class members were similarly not properly compensated for their wages earned, including overtime premiums for all hours worked over forty (40).

32. While employed by Defendant, Plaintiffs and FLSA Collective Plaintiffs and Class Members were never paid weekly, and therefore did not receive their wages within seven (7) days of the end of the week in which that pay was earned, in violation of NYLL § 191(1)(a)(i).

33. Throughout Plaintiff's employment, Lidl paid Plaintiff and Class members every other week.

34. Plaintiff spent more than 25% of Plaintiff's working time engaged in manual labor.

35. Plaintiff falls under the definition of manual worker under the NYLL and must receive her wages weekly. *See* NYLL § 191(1)(a)(i).

36. Class members spent and/or spend more than 25% of their working time engaged in manual labor.

37. Class members fall under the definition of manual worker under the NYLL and must receive her wages weekly. *See* NYLL § 191(1)(a)(i).

38. In paying Plaintiff and Class members on a bi-weekly basis, Lidl has been violating NYLL § 191(1)(a)(i).

39. Due to Defendant's improper, untimely bi-weekly payments, Plaintiff would struggle to timely pay her own bills. Plaintiff would be forced to pay rent and credit-card bills late

11

as she waited for her owed compensation to become available.  Class members would similarly struggle to timely pay debts due to Defendant's untimely compensation policies.

40. Throughout the relevant period, Defendant paid Plaintiffs and Class Members on a bi-weekly basis.  Pursuant to the New York State Department of Labor, Lidl is not listed as one of the entities permitted to pay manual workers on a bi-weekly basis. Defendant knowingly and willfully operated its business in violation of NYLL's requirements regarding the frequency Plaintiff and Class members must be paid.  As workers, whose job duties included stocking, cleaning, bakery operations, bagging, unloading deliveries, and unpacking deliveries, Defendant knew Plaintiff and Class members were required to be paid weekly.

41. Defendant knowingly and willfully operated its business with a policy of not compensating Plaintiff, FLSA Collective Plaintiffs and Class members their full overtime hours.

42. Defendant knowingly and willfully operated its business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the applicable state wage laws.

43. Defendant knowingly and willfully operated its business with a policy of not providing Plaintiff with proper wage statements at all relevant times. Class members also did not receive proper wage statements, in violation of the applicable wage laws.

44. In or around March 2022, Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and the Class in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

45. Plaintiff realleges and reavers by reference all allegations in all the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

46. At all relevant times, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47. At all relevant times, Defendant employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

48. At all relevant times, Defendant had gross annual revenues in excess of $500,000.

49. At all relevant times, Defendant had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs for all their hours worked, including overtime hours for hours worked over forty (40).

50. Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendant. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

51. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all overtime premiums when Defendant knew or should have known such was due.

52. Defendant failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

53. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

54. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime premiums, and an equal amount as liquidated damages.

55. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

56. Plaintiff realleges and reavers by reference all allegations in all the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

57. At all relevant times, Plaintiff and Class members were employed by the Defendant within the meaning of the NYLL, §§2 and 651.

58. Defendant knowingly and willfully failed to pay Plaintiff and Class members the full amount wages owed, including overtime premiums for hours worked over forty (40), in violation of the NYLL.

59. Defendant knowingly and willfully failed to pay Plaintiff and Class members in a timely manner pursuant to NYLL § 191.

60. Defendant failed to provide a proper wage and hour notice, at the date of hiring and annually thereafter, to all non-exempt employees per requirements of the NYLL.

61. Defendant failed to provide proper wage statements with correct payment as required by NYLL § 195(3).

62. Due to the Defendant's NYLL violations, Plaintiff and Class members are entitled to recover from Defendant their unpaid overtime premiums, reasonable attorneys' fees, interest, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiff and Class members, respectfully request that this Court grant the following relief:

   a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the labor laws of New York;

   b. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

   c. An award of unpaid wages, including overtime premiums due under the FLSA and the State wage laws of New York;

   d. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

e. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime premiums, pursuant to 29 U.S.C. § 216 and NYLL;

f. An award of liquidated and/or punitive damages pursuant to NYLL as a result of Defendant's willful failure timely pay wages;

g. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay all wages, including overtime premiums pursuant to NYLL;

h. An award of statutory penalties as a result of Defendant's failure to comply with the FLSA and state law premium pay requirements;

i. An award of statutory penalties as a result of Defendant's failure to comply with the FLSA and state law wage notice and wage statement requirements;

j. Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

k. Designation of this action as a class action pursuant to FRCP 23;

l. Designation of Plaintiff as Representatives of the Class; and

m. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: May 24, 2022

                Respectfully submitted,

                By: */s/ C.K. Lee*
                C.K. Lee, Esq.
                LEE LITIGATION GROUP, PLLC
                C.K. Lee (CL 4086)
                Anne Seelig (AS 3976)
                148 West 24th Street, 8th Floor
                New York, NY 10011
                Tel.: 212-465-1188
                Fax: 212-465-1181
                *Attorneys for Plaintiff,*
                *FLSA Collective Plaintiff and the Class*