
Nicholas A. Corsano
Tel 212.801.9200
Fax 212.801.6400
corsanon@gtlaw.com

July 22, 2022

**VIA ECF:**

Hon. Andrew L. Carter, Jr., U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

 **Re:** **Samantha Lopez v. Lidl US, LLC d/b/a Lidl**
    **Docket No.: 1:22-cv-04271**

Dear Judge Carter:

  This Firm represents Defendant Lidl US, LLC ("Lidl") in the above-referenced matter (the "Action"). As Your Honor is aware, Lidl has moved to compel arbitration pursuant to 9 U.S.C. §§ 3 and 4 based on Plaintiff Samantha Lopez's ("Ms. Lopez") mutual agreement to arbitrate claims contained in her Lidl offer letters. We write out of an abundance of caution pursuant to Your Honor's Individual Rules of Practice § 2(A), to arrange a pre-motion conference for Lidl's anticipated motion to dismiss pursuant to Fed. R. Civ. Proc. R. 12(b)(1) & 12(b)(6) if the Court denies Lidl's motion to compel arbitration. To that end, Lidl requests the Court hold the conference, if at all, after it has decided the motion to compel.

  In part, Plaintiff brings this Action claiming Lidl violated New York Labor Law ("NYLL") § 191(1)(a)(i) by paying her wages on a bi-weekly basis. Compl. at ¶ 32. Namely, she claims she is a "manual worker" under the NYLL and as such, the statute required Lidl to pay her weekly rather than biweekly. Compl. at ¶¶ 35-38. Based on these allegations, Ms. Lopez seeks liquidated damages equal to amounts <u>already</u> paid to her, albeit "late" (one-week's wages, every other week). She cannot do this.

  Section 191 does not provide Ms. Lopez with a private right of action for untimely paid wages. Section 191(1)(a)(i) states, "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned[.]" NYLL § 191(1)(a)(i). Nothing more. Notably, the legislature vested exclusive responsibility to police violations of this provision in the Commissioner of the Department of Labor. *See id.* § 191(1)(a)(ii) (stating commission may authorize large employers to pay less frequently than weekly). Indeed, no express private right of action exists in the statute and based on prevailing New York law, the

**Greenberg Traurig, LLP | Attorneys at Law**

One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

Albany. Amsterdam. Atlanta. Austin. Berlin¬. Boston. Charlotte. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London.* Long Island. Los Angeles. Mexico City⁺. Miami. Milan». Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Portland. Sacramento. Salt Lake City. San Francisco. Seoul∞. Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv^. Tokyo*. Warsaw¬. Washington, D.C. West Palm Beach. Westchester County.

Operates as: ¬Greenberg Traurig Germany, LLP; *A separate UK registered legal entity; ⁺Greenberg Traurig, S.C.; »Greenberg Traurig Santa Maria; ∞Greenberg Traurig LLP Foreign Legal Consultant Office; ^A branch of Greenberg Traurig, P.A., Florida, USA; ¤GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubegoshi Jimusho; ~Greenberg Traurig Nowakowska-Zimoch Wysokiński sp.k.

www.gtlaw.com

Hon. Andrew L. Carter, Jr.
July 22, 2022
Page 2

Court cannot rationally imply one. A statute contains an implied right of action "only if a legislative intent to create such a right of action is fairly implied in the statutory provisions and their legislative history." *Cruz v. TD Bank, N.A.,* 22 N.Y.3d 61 979 N.Y.S.2d 257, 262, 2 N.E.3d 221, 226 (N.Y. 2013) (internal citations & quotation marks omitted). Courts consider three factors when determining if an implied private right of action exists: "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme."[1] *Sheehy v. Big Flats Cmty. Day, Inc.,* 73 N.Y.2d 629, 541 N.E.2d 18, 20, 543 N.Y.S.2d 18 (N.Y. 1989). The third factor is the most important. *See Konkur v. Utica Academy of Science Charter Sch.,* [No. 8], slip op., 2022 N.Y. LEXIS 70, 2022 WL 397774 (N.Y., Feb. 10, 2022) (Dkt. No. 32-1).

To start, as noted above, the legislature has already provided an express enforcement mechanism for violations of the frequency of pay violations alleged by Ms. Lopez here. Section 191 expressly contemplates that only the Labor Commissioner polices violations of its frequency of pay provisions, *see, e.g., Ikea U.S., Inc.,* 241 A.D.2d at 455, 660 N.Y.S.2d at 586.

Because the legislature created an express administrative mechanism for enforcement of § 191, it is plain error to read a broader or different remedy into the statute. *See Uhr v. E. Greenbush Cent. School Dist.,* 94 N.Y.2d 32, 40-42, 720 N.E.2d 886, 890, 698 N.Y.S.2d 609, 613-14 (N.Y. 1999) (declining to imply private right of action for violation, given legislature already created administrative enforcement scheme); *see also Cruz,* 22 N.Y.3d at 71 (declining to imply broader remedy where statute provided narrower, express remedy).

Although the N.Y. Appellate Division – First Department held in *Vega v. CM & Assocs. Constr. Mgmt., LLC* that § 198(1-a) creates an express private right of action to obtain liquidated damages (plus interest and attorneys' fees) when an employer pays manual workers on anything other than a weekly basis that decision runs contrary to a long line of cases holding § 191 does not authorize an employee to bring such an action. *See, e.g., Hussain v. Pak. Int'l Airlines Corp.,* No. 11-cv-932, 2012 U.S. Dist. LEXIS 152254, at *8 (E.D.N.Y. Oct. 23, 2012) (holding no private right of action exists for frequency of pay violation under NYLL § 191(1)(a)(i)); *Hunter v. Planned Bldg. Servs., Inc.,* No. 715053/2017, 2018 N.Y. Misc. LEXIS 2896, at *3 (N.Y. Sup. Ct., Queens Cty. June 11, 2018) (same); *see also Coley v. Vannguard Urban Improvement Ass'n, Inc.,* No. 12-CV-5565, 2018 U.S. Dist. LEXIS 50787, at *42 (E.D.N.Y. Mar. 27, 2018) (granting motion to dismiss, holding that, although FLSA includes prompt payment requirement, "[t]he NYLL does not appear to provide a similar remedy") (citation omitted); *Phillips v. Max Finkelstein, Inc.,* 66 Misc. 3d 514, 115 N.Y.S.3d 866, 867-69 (N.Y. Sup. Ct., Suffolk Cty. 2019) (finding no private right of action exists for mere frequency of pay violation under NYLL § 191(1)(a)(i)). This is a clear indication that *Vega* misapplies New York law (and is an outlier regardless), supporting the conclusion the New York Court of Appeals would resolve the matter differently. "Where, [as here,] the substantive law of the forum state is uncertain or ambiguous, the job of the federal courts is carefully to predict how the highest court of the forum state would resolve the uncertainty or ambiguity." *Phansalkar v. Andersen Weinroth & Co.,* 344 F.3d 184, 199 (2d Cir. 2003). As such,

---

[1] Lidl disputes the presence of all three factors in this case.

Hon. Andrew L. Carter, Jr.
July 22, 2022
Page 3

Lidl requests permission to move to dismiss the portion of Plaintiff's Complaint seeking liquidated damages based on untimely payment pursuant to NYLL § 191.

Ms. Lopez also alleges Lidl violated NYLL § 195 by failing to provide her and "Class Members" with a proper wage notice at the beginning of their employment and by failing to provide her and the "Class Members" with proper wage statements during their employment. Compl. at ¶¶ 42-43. She lacks standing, however, to bring these claims in Federal Court. *See Yuefeng Shi v. TL & CG Inc.,* 2022 U.S. Dist. LEXIS 103609 at *1 (S.D.N.Y. Jun. 9, 2022); *citing Garrido v. House of Salads One LLC,* 2022 U.S. Dist. LEXIS 58496 at *7 (E.D.N.Y. Mar. 30, 2022); *citing Mahon v. Ticor Title Ins. Co.,* 683 F.3d 59, 64 (2d Cir. 2012).

"Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id., citing TransUnion LLC v. Ramirez,* 141 S. Ct. 2190, 2205, 210 L. Ed. 2d 568 (2021). Consequently, courts have found "technical" violations of the NYLL's wage notice and statement requirements insufficient alone to confer Article III standing on plaintiffs with respect to those claims. *See Sevilla,* 2022 U.S. Dist. LEXIS 58496 at *7; *Wang v. XBB, Inc.,* No. 18-cv-7341 (PKC)(ST), 2022 U.S. Dist. LEXIS 57481 at *13 (E.D.N.Y. Mar. 29, 2022); *Francisco v. N.Y. Tex Care, Inc.,* No. 19-cv-1649 (PKC)(ST), 2022 U.S. Dist. LEXIS 55633 (E.D.N.Y. Mar. 28, 2022). Because Ms. Lopez does not, and cannot, plead the alleged technical violation(s) lead "to either a tangible injury or something akin to a traditional cause of action," she cannot sustain Article III standing in federal court. *Sevilla,* 2022 U.S. Dist. LEXIS 58496 at *7, *citing TransUnion LLC,* 141 S. Ct. 2190, 2205; *Maddox v. Bank of New York Mellon Tr. Co., N.A.,* 19 F.4th 58, 62-63 (2d Cir. 2021).

Based on the foregoing and after the adjudication of Lidl's motion to compel arbitration to the extent the Court denies Lidl's motion—which Lidl contends it should not—Lidl requests a pre-motion conference in anticipation of its motion to dismiss pursuant to Fed. R. Civ. P. R. 12(b)(1) & 12(b)(6).

Respectfully submitted,

*s/Nicholas A. Corsano*
Nicholas A. Corsano

cc:   James N. Boudreau, Esq.
      C.K. Lee, Esq. via ECF