UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**SAMANTHA LOPEZ,** *on behalf of herself,*
*FLSA Collective Plaintiffs, and the Class*,

                          **Plaintiff,**

                   -against-

**LIDL US, LLC** *d/b/a Lidl*,

                          **Defendant.**

**22-cv-4271 (ALC)**

<u>**OPINION & ORDER**</u>

---

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Samantha Lopez, on behalf of herself and others similarly situated, submitted a motion for reconsideration (ECF No. 39) of the Court's March 29, 2023 Order (ECF No. 31) compelling arbitration and a motion for certification of interlocutory appeal of that Order. For the reasons that follow, those motions are **DENIED**.

## BACKGROUND

I assume the Parties' familiarity with the facts, which are set forth more fully in the Opinion and Order granting Defendant's motion to compel arbitration of Plaintiff's claims on an individual basis. ECF No. 31. In short, according to the original complaint, Plaintiff alleges that Defendant Lidl US, LLC ("Lidl") failed to pay wages, including overtime premiums due to time-shaving pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") and New York Labor Law ("NYLL").

## DISCUSSION

*MOTION FOR RECONSIDERATION*

Under the Federal Rules of Civil Procedure, a party can seek relief from a final judgment for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in

time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  *See* Fed. R. Civ. P. 60(b).

The Second Circuit has held that Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" *Ren Yuan Deng v. New York State Off. of Mental Health*, 783 F. App'x. 72, 73 (2d Cir. 2019).  Rule 60(b) motions "should be broadly construed to do 'substantial justice,' yet final judgments should not 'be lightly reopened.'" *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (internal citation omitted).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Here, Plaintiff has asked that the Court reconsider its March 29, 2023 Order, but has not shown sufficient material facts or law that would warrant overturning our prior ruling.  The Court carefully considered the Parties' arguments on whether an agreement to arbitrate existed, the scope of the arbitration clauses, and other relevant legal concepts. The Court weighed those arguments according to the appropriate standard of review for a motion to compel arbitration. "If the party seeking arbitration has substantiated the entitlement by a showing of evidentiary facts, the party opposing may not rest on a denial but must submit evidentiary facts showing that there is a dispute of fact to be tried." *Oppenheimer & Co. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir. 1995).  Plaintiff has failed to submit any additional evidentiary facts such that reconsideration is warranted.  As this Court has held before, "[R]econsideration of a previous

order is an extraordinary remedy to be employed Sparingly in the interests of finality and conservation of scarce judicial resources." *Canfield v. SS&C Techs. Holdings, Inc.*, 2021 WL 1026128, at *1 (S.D.N.Y. Mar. 17, 2021).

Therefore, Plaintiff's motion for reconsideration is denied.

*INTERLOCUTORY APPEAL*

Having denied the motion for reconsideration, we will now turn to whether to certify an order for interlocutory review of the March 29, 2023 Order by the Second Circuit. Section 16 of the Federal Arbitration Act authorizes the interlocutory appeal of orders granting motions to compel arbitration "as . . . provided in section 1292(b) of Title 28." 9 U.S.C. § 16(b). Plaintiff requests an interlocutory appeal of the following questions: whether a plaintiff's argument that the arbitration language merely advised of a separate agreement, which required written acceptance, speaks to the existence of an arbitration agreement or to the validity or applicability of an arbitration agreement that is assumed to exist; and (2) whether an employee may be found to have agreed to arbitration through mere acceptance of employment when the employer has already notified that employee that an anticipated arbitration agreement will require a written signature.

A district court has authority to certify an order for interlocutory appeal when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Given the general policy of deferring appellate review until after the entry of a final judgment, interlocutory review is granted only in "exceptional circumstances." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (citation and quotation

marks omitted). Movants cannot invoke the appellate process as a vehicle to provide early review of difficult rulings in hard cases. Only "exceptional circumstances" will justify a departure from the basic policy of avoiding appellate review until a final decision on the merits. *In re Ambac Fin. Group, Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010) (internal quotations and citations omitted).

As we noted above in relation to Plaintiff's motion for reconsideration, the Court carefully weighed the Parties' arguments on whether an agreement to arbitrate existed, the scope and validity of the arbitration clauses, and other relevant legal concepts. Once again, we find that Plaintiff has not shown the "exceptional circumstances" to change the Court's prior ruling, or to move to the appellate process without further proceedings at the district court. *See In re Worldcom, Inc.*, No. M–47 HB, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003) (§1292(b) appeal requires "a 'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record.'") *Id.* at 285. In any event, the March Order is expressly not appealable per Section 16(b) of the FAA. 9 U.S.C. § 16(b). Section 16(b) of the FAA expressly states that a party may not appeal an order granting a stay of an action under Section 3 of the FAA. *See* 9 U.S.C. § 16(b); *Katz v. Celico P'Ship*, 794 F.3d 341, 345, 346 (2d Cir. 2015).

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration and motion for interlocutory appeal are DENIED. Defendant's request to be awarded its costs and fees in opposing Plaintiff's motion is also DENIED. *See Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 96 (2d Cir. 1997) (quoting *United States v. Intern. Bhd. of Teamsters*, 948 F.2d 1338 (2d Cir. 1991)) (emphasis in original) (*"Rule 11 may not be employed to sanction obnoxious conduct during the

course of litigation; whereas § 1927 applies to the unreasonable and vexatious multiplication of court proceedings. Rule 11 requires only a showing of *objective unreasonableness* on the part of the attorney or client signing the papers, but § 1927 requires more: *subjective bad faith* by counsel."). Although plaintiff's counsel decided to file a motion that ultimately failed, the Court, in its discretion, will not impose sanctions.

The Clerk of Court is respectfully directed to terminate ECF No. 38. The Parties are directed to resume the arbitration process and file rolling status updates regarding its progress every 90 days.

**SO ORDERED.**

**Dated: March 28, 2024**
**New York, New York**

_____
   **HON. ANDREW L. CARTER, JR.**
   **United States District Judge**